UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SABRINA POWELL**,
*Plaintiff*                                                                 Case No.: 8:20-cv-2614

v.

**PRICEWATERHOUSECOOPERS, LLP.**,
*Defendant*.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, SABRINA POWELL, hereinafter "Plaintiff" by and through the undersigned counsel and sues PRICEWATERHOUSECOOPERS, LLP, hereinafter "Defendant" or "PWC" and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 29 U.S.C §1331, 29 U.S.C § 2617 in that this is a civil action arising under the Family and Medical Leave Act, hereinafter "FMLA," and Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., the Florida Civil Rights Act of 1992, F.S. 760.10.

2. Venue lies pursuant to 28 U.S.C. §1391(b), as Plaintiff's claims arise out of her employment relationship with the Defendant, in that a substantial part of the events or motions giving rise to the claim occurred in this district which is located in the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

1. Plaintiff, Sabrina Powell formerly resided in Tampa, Hillsborough County, Florida while employed with the Defendant. Plaintiff is now a resident of Milwaukee, Wisconsin.

2. PriceWaterhouseCoopers, LLP, Defendant, is a foreign limited liability partnership and at all relevant times doing business in the State of Florida, with a physical address of 4040 West Boy Scout Avenue, Hillsborough County, Tampa, Florida 33607.

## GENERAL ALLEGATIONS

3. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

4. At all times material, the Plaintiff was qualified to perform her job duties within the expectations of her employer.

5. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff made a charge of discrimination with the Equal Employment and Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on ("FCHR") on July 5, 2019, (*see* Exhibit A).

7. On August 10, 2020 EEOC issued a dismissal and Notice of Rights. A copy of the Dismissal and Notice of Rights is attached. (*see* Exhibit B). This Complaint has been filed within ninety (90) days of the receipt of the Dismissal and Notice of Rights; therefore, has met all conditions precedent to filing this Complaint.

8. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statues*, because more than one-hundred and eight (180) days have passed since the filing of this Charge.

**FACTUAL ALLEGATIONS**

9. On August 31, 2015. Plaintiff began her employment with the Defendant.

10. Plaintiff held the position of Executive Assistant.

11. Plaintiff worked on a full-time basis and typically worked forty (40) hours each week.

12. Defendant employs more than fifty (50) employees within a 75-mile radius of the workplace.

13. Plaintiff's annual evaluations met or exceeded standards until she requested medical leave pursuant to FMLA to address symptoms of her disability.

14. In May 2017, Plaintiff experienced the sudden passing of a sibling during the period of time she was employed with the Defendant.

15. In December 2017, Plaintiff was a victim of domestic violence incident in her home, which was also during the period of time she was employed with the Defendant.

16. Because of this incident, on the same date, custody of the Plaintiff's children was assumed by state of Florida dependency system. The children were placed in the Florida foster care system.

17. Shortly thereafter, Plaintiff began to experience symptoms of anxiety and depression.

18. In April 2018, Plaintiff sought the services of medical professionals for this condition and received a formal diagnosis of both conditions as well as post-traumatic stress disorder, "PTSD."

19. Plaintiff requested medical leave regarding her disability; her leave was denied.

20. On June 8, 2018, Plaintiff had a meeting with management where she discussed her on going difficulties regarding her mental health, and custodial issues involving her children.

21. In July 2018, Plaintiff's condition continued to interfere with her ability to perform her work duties, as such, the Plaintiff, after recommendations from her treating medical professionals requested medical leave from her position again.

22. Plaintiff submitted appropriate medical documentation from her treating medical professionals to the Defendant regarding her disability and recommendations to engage in leave due to her disability.

23. Plaintiff was directed by Lauren Castine, her direct supervisor, in a hostile way, to use her "personal vacation time because this is a business," rather the appropriate medical leave time.

24. Lauren Castine also failed to inform the Plaintiff that she was entitled to take up to twelve (12) weeks of job-protected leave under the FMLA to address the symptoms of her disability.

25. The Plaintiff continued to work full time while suffering from symptoms of her disability.

26. On September 19, 2018, the Plaintiff again relayed to Lauren Castine of the need to take medical leave regarding her disability.

27. On September 24, 2018, Plaintiff also notified Tim Ryan via email of the need to engage in medical leave regarding her disability.

28. Despite Plaintiff's numerous requests for leave, the Defendant refused to acknowledge her request and still failed to inform the Plaintiff of her eligibility for FMLA leave.

29. Because of the failure of the Defendant to acknowledge her request for leave, Plaintiff was forced to engage in a self-imposed temporary leave from work due to her disability.

30. Plaintiff was on leave from her employment with the Defendant from October 4, 2018 until February 8, 2019.

31. While Plaintiff was on leave, she again applied for short term disability after her treating medical professionals continued to recommend Plaintiff refrain from work because of the ongoing presentation of symptoms of her disability.

32. Plaintiff submitted the appropriate medical documentation from two (2) treating medical professionals to the Defendant regarding her disability and need to engage in leave from her employer because of the disability.

33. Plaintiff's was again denied short term disability.

34. Shortly after Plaintiff returned from leave in February 2019, Lauren Castine became overly critical of Plaintiff's work product.

35. Prior to Plaintiff's request for leave and the onset of her disability, none of the Plaintiff's supervisors criticized her work performance or work product.

36. Although nothing changed about the Plaintiff's work product or performance Lauren Castine regularly found fault in Plaintiff's work: Unusually negative and repetitive critique of Plaintiff's work product, as well as engaging in micro-management of tasks customarily deemed independent.

37. Lauren Castine's discriminatory actions continued when Plaintiff was placed on a Performance Improvement Plan, hereinafter, "PIP", on April 4, 2019.

38. Plaintiff's position as an executive assistant was remote. She worked from home since her hiring in 2015. After her return from leave, Plaintiff was unfairly given a PIP, and directed to begin to travel into the office for work on a daily basis.

39. No other members of Plaintiff's team were directed to return to work in the office, further, Plaintiff was aware of other individuals issued a PIP that were not directed to return to the office.

40. Plaintiff informed Lauren Castine and Vanita Nichols of the medical recommendation that she work from home because of her disability. They were informed face to face during the meeting when the Plaintiff was issued a PIP on April 4, 2019.

41. Plaintiff complained to Karen Rittenger and Lauren Castine about the discriminatory treatment, including the PIP.

42. Karen Rittenger responded regarding changes in policy, instituted while the Plaintiff was on leave that resulted in the directive for only those on a PIP to report to the work site.

43. From April 2019 until August 2019, Lauren Castine closely monitored the Plaintiff and required Plaintiff to notify her when she departed for medical appointments and when she returned from medical appointments associated with her disability.

44. From April 2019 until May 2019 Plaintiff made requests for sick leave to attend medical appointments for her disability. The requests were denied by the Lauren Castine and Karen Rittenger.

45. Plaintiff then filed a complaint of discrimination based on her disability and retaliation with the Equal Employment Opportunity Commission, hereinafter, "EEOC," on July 5, 2019.

46. Rather than investigating the Plaintiff's complaints of discrimination, Defendant decided to summarily fire Plaintiff on August 2, 2019.

47. Plaintiff had engaged in a protected activity just one month earlier when she complained of discrimination.

48. Defendant allegedly fired the Plaintiff because she was unable to successfully comply with the terms of the PIP. However, Defendant's reason was pretext and retaliatory due to Plaintiff's complaints of discrimination.

## COUNT I

## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. 2615(a)(1)

49. Plaintiff, SABRINA POWELL, repeats and re-alleges the allegations as set forth in paragraphs 1 through 48 above as if set forth herein.

50. Defendant is an employer covered by the FMLA pursuant to 29 U.S.C. § 2601 et seq. because it is a private business that employed fifty (50) or more employees for each working day for at least twenty (20) work weeks in the year prior.

51. Plaintiff is an FMLA eligible employee because she was employed by Defendant for three (3) years, eleven (11) months prior to requesting FMLA leave and had been employed by the Defendant for over 1,250 hours in the twelve (12) month period prior to her request.

52. Plaintiff was entitled to FMLA in July 2018 because she was suffering from depression, anxiety, and PTSD.

53. In accordance with FMLA in July 2018, during a meeting with Lauren Castine, Plaintiff notified her of the need to take leave for only a few weeks to deal with the symptoms of her disability.

54. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff's rights provided under the Act.

55. Defendant denied a benefit to which she is entitled under the FMLA in that she refused to allow the Plaintiff to engage in any FMLA leave when requested in July 2018.

56. Defendant discouraged Plaintiff from using her FMLA leave by telling her to use her "personal vacation time" because "this is a business."

57. Defendant's action foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to her position free from threats, disparate treatment for attempting to exercise her right to engage in FMMLA leave time.

58. As a direct and proximate result of the wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to medical treatment and past

and future wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages recoverable by law.

## COUNT II

### RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEVE ACT

59. Plaintiff, SABRINA POWELL, repeats and alleges the allegations set forth in paragraphs 1 through 58 above as if set forth in full herein.

60. Plaintiff exercised FMLA rights by requesting FMLA leave from her job in July 2018.

61. Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of herein.

62. Plaintiff suffered an adverse employment action in that she was subjected to disparate treatment by being forced to return to the office to work, despite being hired in a remote position, in contravention of the medical recommendations for her disability, placed on a PIP and denied requests for sick leave to attend medical appointments for her disability in April and May 2019.

63. Defendant's disparate treatment of Plaintiff began shortly after Plaintiff requested to take leave in April 2018 due to symptoms of her disability; and after her return from leave February 2019 the retaliation heightened.

64. Defendant's decision to fire the Plaintiff on August 2, 2019, occurred only after Plaintiff complained to management and filed a charge of discrimination with the EEOC on July 5, 2019.

65. The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

66. Defendant's conduct constitutes unlawful retaliation against the Plaintiff in violation of the Plaintiff's rights under the FMLA, 29 U.S.C §2615(a).

67. As a direct and proximate result of the wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to medical treatment and past and future wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages recoverable by law.

## COUNT III

## VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT

### 42 U.S.C. 12111(5)(a)

68. Plaintiff, SABRINA POWELL, repeats and alleges the allegations set forth in paragraphs 1 through 67 above as if set forth in full herein.

69. Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Title I of the American with Disabilities Act of 1990, (hereinafter "ADA") 42 U.S.C. § 12111(5)(a).

70. Plaintiff was and is an individual with a disability within the meaning of the ADA 42 U.S.C § 12102(1)(2)(A).

71. Plaintiff is a qualified individual with a disability as defined in the ADA 42 U.S.C. §12111(8).

72. Plaintiff's diagnoses of anxiety, depression, and PTSD substantially limits one or more major life activities.

73. Plaintiff has a record of mental impairment that substantially limits one or more major life activities.

74. Defendant was aware of the Plaintiff's diagnoses of anxiety, depression, and PTSD.

75. Defendant regarded the Plaintiff as having a disability.

76. Plaintiff's disability was a factor in Defendant's decision to retaliate and terminate her employment.

77. Plaintiff's disability was a factor in Defendant's issuance of a PIP shortly after the Plaintiff returned from medical leave.

78. Plaintiff's disability was a factor in Defendant's decision to require her to continuously submit duplicative medical information to substantiate her disability.

79. Plaintiff's disability was a factor in Defendant's decision to reject medical documentation provided by Plaintiff regarding her disability.

80. Plaintiff's disability was a factor in Defendant's decision to force her to return to work in the office when Plaintiff relayed the assignment triggered the symptoms of her disability.

81. Plaintiff's disability was a factor when the Defendant treated employees without disabilities more favorably than Plaintiff in the terms, conditions, and or/benefits of employment than the Plaintiff.

82. Plaintiff's disability was a factor in Defendant's decision to threaten and or question her accommodation.

83. Plaintiff's disability was a factor in Defendant's decision to disregard the medical recommendations of Plaintiff's medical providers regarding needed accommodations.

84. The Defendant's actions were intentional and willful in deliberate disregard of the rights of the Plaintiff.

85. As a direct and proximate result of the wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to medical treatment and past and future wages and benefits. Plaintiff is also entitled to damages and attorneys' fees and costs, and other damages recoverable by law.

## COUNT IV

## VIOLATIONS OF THE AMERICAN WITH DISABILITES ACT (RETALIATION)

86. Plaintiff, SABRINA POWELL, repeats and alleges the allegations set forth in paragraphs 1 through 85 above as if set forth in full herein.

87. Plaintiff complained to the Human Resources Department and management about their treatment of her due to her disability.

88. As a result of the complaints by the Plaintiff, the Defendant took materially adverse employment actions against the Plaintiff.

89. The Defendant issued an unfavorable annual review assessment which barred the Plaintiff from her annual bonus.

90. The Defendant forced the Plaintiff to return to the office rather than continue to work from home. This directive violated medical recommendations regarding the Plaintiff's accommodation.

91. The Defendant rejected the medical documentation of the Plaintiff's medical providers.

92. The Defendant's requested copious and duplicative medical documentation from Plaintiff to substantiate the Plaintiff's disability.

93. The Defendant fired the Plaintiff after she complained and filed a charge of discrimination with the EEOC on July 5, 2019.

94. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to loss of earnings, loss of career opportunities, loss of benefits, mental anguish, and emotional distress.

## COUNT V

## FLORIDA CIVIL RIGHTS ACT OF 1992

95. Plaintiff, SABRINA POWELL, repeats and alleges the allegations set forth in paragraphs 1 through 94 above as if set forth in full herein.

96. Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of 1992, F.S. Chapter 760.10.

97. As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of handicap, F.S. 760.10(1)(A).

98. Plaintiff is a member of a protected class because of her disability (handicap).

99. Defendant's retaliation, disparate treatment and subsequent termination as described above, were based on her disability.

100. Defendant treated employees without disabilities more favorably than Plaintiff in the terms, conditions, and or/benefits of employment.

101. The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

102. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to loss of earnings, loss of career opportunities, loss of benefits, mental anguish, and emotional distress.

## COUNT IX

## FLORIDA CIVIL RIGHTS ACT—RETALIATION

103. Plaintiff, SABRINA POWELL, repeats and alleges the allegations set forth in paragraphs 1 through 103 above as if set forth in full herein.

104. Plaintiff engaged in protected activity by opposing employment practices made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff was retaliated against by Defendant for requesting a reasonable accommodation for her disability.

105. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action by Defendant when Defendant terminated Plaintiff's employment.

106. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her requests for reasonable accommodations for her disability.

107. The aforementioned actions by Defendant constitutes retaliation by Defendant in violation of the Florida Civil Rights Act.

108. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of the Plaintiff.

109. As a direct and proximate result of the wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to medical treatment and past and future wages and benefits.  Plaintiff is also entitled to damages and attorneys' fees and costs, and other damages recoverable by law.

## RELIEF REQUESTED

1. WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant on each of her respective claims, and:

   a. Award the Plaintiff back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Liquidated damages

   e. Compensatory damages for mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

   f. Punitive damages;

   g. Attorneys' fees and costs;

    h.    Award Plaintiff all other relief as the Court deems appropriate.

Date: November 8, 2020

By: /s/Octavia Brown
**Octavia Brown, Esq.,**
Florida Bar Number: 0011778
Octavia.brown@community-lawyer.com
**Valentina Villalobos, Esq.**
Florida Bar Number:100426
Valentina.villalobos@community-lawyer.com
**Community Law, PLLC**
3104 N. Armenia Avenue, STE 2
Tampa, Florida 33607
PH:   (813) 822-3522
FAX: (863) 250-8228
*Trial Attorneys for Plaintiff*